## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COLUMBIA

ANTHONY STEVENS,
1352 Talbert Ct.., SE
Washington, DC 20020

     Plaintiff,

  v.

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, NW
Atlanta, Georgia 30309

  and

NAVIENT SOLUTIONS, INC.
2001 Edmund Halley Dr.
Reston, VA 20191

     Defendants.

Civil Action No.:  1:18-cv-2839

**JURY TRIAL DEMANDED**

### JURISDICTION

1.  This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1331.

2.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the

acts and transactions occurred here, and Defendants transact business here.

### PARTIES

3.  Plaintiff Anthony Stevens is a natural person who currently resides in the

District of Columbia.  Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(b) and (c)

4.  Defendant Equifax Information Services LLC ("Equifax") is a Georgia

corporation with its principal place of business located at 1550 Peachtree Street, NW,

Atlanta, Georgia.  Equifax is authorized to do business in the District of Columbia, and is

registered with the District of Columbia  Department of Consumer and Regulatory

Affairs, with a registered agent located in the District of Columbia.

5.      Equifax is a "consumer reporting agency that compiles and maintains files

on consumers on a nationwide basis," as defined by 15 U.S.C. §1681a(p).

6.      Equifax is regularly engaged in the business of compiling and maintaining

files on consumers on a nationwide basis for the purpose of furnishing consumer reports

to third parties bearing on a consumer's credit worthiness, credit standing, or credit

capacity.

7.      Defendant Navient Solutions, Inc. ("Navient") is a corporation with its

principal place of business at 2001 Edmund Halley Dr., Reston, Virginia 20191.

8.      Navient regularly and in the ordinary course of business furnishes

information to one or more consumer reporting agencies about Plaintiff's transactions

and is therefore a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

## FACTS

9.      In or around August 2004, Plaintiff obtained student loans from the entity

now known as Navient.

10.      Navient subdivided Plaintiff's loans into 13 separate loans and reported

each separately to the credit reporting agencies, with account numbers ending in 00012,

0022, 0042, 0052, 0062, 0072, 0082, 0092, 0102, 0112, 0122, 0132, and 0142.

11.      Though financial hardship caused Plaintiff to fall behind on the loans at

various points, he paid them all in full as of July 2016 and received a payoff statement

from Navient to that effect.

12.     Following Plaintiff's payoff of the loans, both Experian Information Systems, Inc., and TransUnion, LLC updated Plaintiff's credit report to accurately reflect all of the Navient accounts as closed.

13.     Equifax failed to update Plaintiff's accounts to reflect the payoff and closure of the accounts and instead continued to list each of the accounts as open and with a monthly payment amount and/or a balance.

14.     Plaintiff sent a dispute letter to Equifax dated May 28, 2017 that enclosed the Payoff Statement and requested that Equifax update his report to remove monthly payment amounts and balances and reflect the closure

15.     Upon information and belief, Equifax timely notified Navient of the dispute.

16.     Equifax sent a reinvestigation report dated June 22, 2017.  The report changed the status of the accounts to "paid and closed" and the balance to $0 but left the monthly payment amounts in place.

17.     For each tradeline, it indicated that it had "verified that this item belongs to" Plaintiff, though Plaintiff had disputed the substance of the tradeline, not its attribution to him.

18.     In addition, though Plaintiff clearly notified Equifax that the account was closed as of *July* 2016, the account histories continue to erroneously reflect balances and monthly payments in months up to December 2016.

19.     Equifax further stated on the reinvestigation report as to each loan that "[a]dditional information has been provided from the original source regarding this item."

20.     Navient knew that Plaintiff had paid off the loans in July 2016 but nonetheless failed to provide accurate information in response to Plaintiff's dispute.

21.     These errors gave the misleading impression that Plaintiff continued to owe money on the loans for months after he had paid them off.

22.     Equifax was required to communicate the specifics of Plaintiff's dispute to Navient.  Likewise, Navient had an independent duty to investigate the dispute and accurately report its findings to Equifax notwithstanding the information it received from Equifax.

23.     Equifax also had an affirmative duty to independently investigate the dispute submitted by Plaintiff and to accurately report the tradeline information, notwithstanding the information it received from Defendant.

24.     Each and both of the Defendants, independently and jointly, breached their duties as described above.

25.     As a result of Defendants' actions, Plaintiff's credit score dropped from 716 in early 2016 to below 500, as of August 2016.

26.     Numerous third parties have viewed Plaintiff's credit file since July 2017.

27.     As of October 2018, Equifax continued to show Plaintiff as having monthly payments and active accounts through May 2017.

28.     As a result of Defendants' inaccurate reporting, Plaintiff was denied multiple credit cards in or around April 2018 and a student loan in or around October 2017.

29.     Plaintiff did secure credit in the form of an automobile loan and a two credit cards since sending his dispute, but, as a result of Defendants' inaccurate reporting, has paid a higher interest rate.

30.     Plaintiff is currently in the midst of a security clearance review, for which he had to explain the inaccuracies in Defendants' credit reporting.  His clearance remains pending as of the filing of this Complaint.

31.     Also as a result of Defendants' actions, Plaintiff suffered significant stress, frustration, and emotional distress.

**First Cause of Action**
**Declaratory Judgment**
**(All Defendants)**

32.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     Navient erroneously reported and re-reported to Equifax that Plaintiff continued to owe a balance on each of thirteen student loans for month after he had satisfied the loans in full.

34.     Equifax erroneously reported and re-reported that Plaintiff continued to owe a balance on each of thirteen student loans for month after he had satisfied the loans in full.

35.     An actual, present and justiciable controversy has arisen between Plaintiff and Defendants concerning the accuracy of reporting Plaintiff's liability following his satisfaction of his student loan debts.

36.     Plaintiff seeks declaratory judgment from this Court that he had no balance or payment amount on his Navient student loans after July 2016, and that any reports to the contrary are inaccurate.

**Second Cause Of Action**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681 *et seq*. (FCRA)**
**(against Navient)**

37.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     Defendant Navient willfully, or in the alternative negligently, violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute from Equifax, by failing to appropriately report the results of its investigation, by failing to appropriately modify, delete, and/or block the information, in reckless disregard of the statutory requirements, Plaintiff's dispute, and Navient's own records.

39.     Plaintiff suffered damages as set forth above, as a result of Navient's actions.

40.     As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Navient.

41.     As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. §

1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §

1681o(a)(2) from Navient.

**Third Cause Of Action**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681 *et seq*. (FCRA)**
**(against Equifax)**

42.     Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

43.     Defendant Equifax willfully or, in the alternative negligently, violated 15

U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum

possible accuracy of information concerning Plaintiff in Plaintiff's consumer reports, in

reckless disregard of the statutory requirements, Plaintiff's dispute, and the logical

implications of the Payoff Statement.

44.     Defendant Equifax willfully, or in the alternative negligently, violated 15

U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a

reasonable reinvestigation of Plaintiff's dispute and by failing thereafter to appropriately

delete or modify information in Plaintiff's file and on Plaintiff's consumer report, in

reckless disregard of the statutory requirements, Plaintiff's dispute, and the logical

implications of the Payoff Statement.

45.     Plaintiff suffered damages, as set forth above, as a result of Equifax's

actions.

46.     As a result of Defendant Equifax's violations of §§ 1681e(b) and 1681i,

Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

47.     Defendant Equifax's actions and omissions were willful, rendering Equifax

liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

48.     Plaintiff is entitled to recover costs and attorney's fees from Defendant

Equifax pursuant to 15 U.S.C. §§ 1681n and 1681o.

**Prayer For Relief**

Plaintiff respectfully requests the Court grant Plaintiffs the following relief against Defendants, as appropriate, as follows:

• an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

• award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

• an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

• award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3) against Equifax and Navient for each incident of negligent noncompliance of the FCRA;

• enter judgment according to the declaratory relief sought;

• an award of costs for the declaratory judgment action; and

• any other relief the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a jury trial on all issues so triable.

Dated December 4, 2018                    Respectfully submitted on behalf of Plaintiff,

                                           _/s/ Courtney L. Weiner_____
                                           Courtney L. Weiner (#992797)
                                           Law Office of Courtney Weiner PLLC
                                           1629 K Street NW, Suite 300
                                           Washington, DC 20006
                                           PH: 202-827-9980
                                           cw@courtneyweinerlaw.com

                                           *Attorney for Plaintiff*